IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ERIC RUCKER**     **PLAINTIFF**
**ADC #181192**

v.     No: 4:22-cv-01199-LPR-PSH

**FAULKNER COUNTY SHERIFF'S OFFICE**     **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Eric Rucker filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 naming the Medical Department of Faulkner County Sheriff's Office as the only defendant and alleging he received improper medical care (Doc. No. 2). Rucker was granted *in forma pauperis* status and directed to amend his complaint to describe his serious medical needs and why he believes they were not treated appropriately, to

identify individual defendants, to describe how each named defendant was personally involved in any alleged violation of his rights, and to describe how he was injured. *See* Doc. No. 3. Rucker filed a response to the Court's order stating that he could not determine the names of individual defendants (Doc. No. 4). The Court entered a text order instructing Rucker to describe the defendants the best he could and informing him that he must still file an amended complaint to clarify his claims. *See* Doc. No. 5. Rucker has not filed an amended complaint. For the reasons stated below, the Court finds that Rucker's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Rucker's complaint names only one defendant – the Faulkner County Sheriff's Office. Rucker was specifically instructed to amend his complaint to identify individual defendants and to describe the involvement of each named defendant in his amended complaint. He has not filed an amended complaint.

The Faulkner County Sheriff's Office is not an entity subject to suit under § 1983. *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Furthermore, Rucker does not describe the involvement of any individual defendant in his complaint. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

Even if Rucker had named or identified individual defendants, his general complaint that he received inadequate medical care fails to state a viable constitutional claim. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Rucker failed to provide sufficient information to succeed with an inadequate medical care claim because his complaint stated only that he received "improper medical care" for which he wishes to be compensated, and he has not filed an amended complaint providing more information as requested. *See* Doc. No. 2. Accordingly, the undersigned recommends that Rucker's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

For the reasons stated herein, it is recommended that:

1. Rucker's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 15th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE